Case 4:22-cv-02764   Document 11   Filed on 12/14/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Dylan Rosilez, <br><br> Petitioner, <br><br> v. <br><br> Bobby Lumpkin, <br> Director, Texas Department of <br> Criminal Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | Civil Action H-22-2764 |

# Report and Recommendation

Dylan Rosilez, a Texas state inmate, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state-court conviction for murder. ECF No. 7. The court recommends that the petition be dismissed without prejudice for failure to exhaust state-court remedies.

1. *Background*

In April 2021, Rosilez was convicted of murder in Fort Bend County, Texas (Cause No. 20-DCR-092680) and sentenced to a 36-year prison term. ECF No. 7. He did not appeal the judgment of conviction. *Id.* at 3. Rosilez has not filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Id.*

Rosilez now seeks federal habeas corpus relief from his conviction, alleging a breach-of-contract claim. ECF No. 7, at 6. He argues that the COVID-19 protocols enacted by the Texas Department of Criminal Justice have improperly extended the length of his

sentence, rendering his judgment of conviction void. *Id.* at 6-8.

2. *Discussion*

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). A petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995) (citations omitted). The exhaustion requirement "is not jurisdictional, but 'reflects a policy of federal-state comity...designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (quoting *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001)). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable framework, a habeas petitioner must fairly present the substance of his claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is

2

transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* Tex. Code Crim. Proc. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The pleadings in this case, as well as the court's independent review of available state-court records, demonstrate that the Court of Criminal Appeals has not yet had an opportunity to address Rosilez's grounds for relief because he has not filed a state habeas application. Because this state process remains available, Rosilez does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this court to defer until the Court of Criminal Appeals has addressed Rosilez's claims. It follows that Rosilez's claims must be dismissed as premature for lack of exhaustion.

*3. Conclusion and Recommendation*

The court recommends that Rosilez's amended federal habeas corpus petition be dismissed without prejudice as unexhausted. The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed December 14, 2022, at Houston, Texas.

_____
Peter Bray
United States Magistrate Judge